UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONHAWK TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> DROPBOX, INC., <br> Defendant. | Case No. 19-mc-80017-TSH <br><br> **ORDER DENYING EX PARTE APPLICATION AND REQUESTS FOR SANCTIONS** <br><br> Re: Dkt. Nos. 8, 13 |

In the underlying action, *Ironhawk Techs., Inc. v. Dropbox*, No. 2:18-cv-1481 DDP JEM (C.D. Cal.), Plaintiff Ironhawk Technologies, Inc., is suing Defendant Dropbox, Inc., for trademark infringement. Fact discovery closes on March 25, 2019, and Judge Pregerson's June 28, 2018 scheduling order states that "[a]ll discovery motions must be heard prior to the discovery cut-off date." Ironhawk asserts that the last day to file a discovery motion on the regular briefing schedule is therefore February 19, 2019.

Ironhawk subpoenaed three former Dropbox employees for deposition – Lan Xuezhao, Brad Lightcap and Oliver Jay. Dropbox's counsel represents these former employees for purposes of these depositions, and they have offered dates of February 27 (Xuezhao), March 12 (Jay) and March 14 (Lightcap). Those are not the dates noticed in the subpoenas, and they are after February 19. This is a problem, Ironhawk says, because these former employees attended a pitch meeting with Ironhawk where Ironhawk's "SmartSync" (the subject of the underlying trademark infringement claim) was discussed, and Ironhawk wants to ask these employees what documents were created in connection with that pitch meeting so it can determine if Dropbox has produced them. For its part, Dropbox says it has produced all documents about the pitch meeting that are reasonably accessible (*see* Fed. R. Civ. Proc. 26(b)(2)(B)). As for the depositions, Dropbox says

Ironhawk waited until January 25, 2019 to serve the subpoenas, the witnesses are busy people, it has offered dates within the fact discovery period, and Ironhawk's demand that these depositions take place before February 19 is unreasonable.

Civil Local Rule 7-10 states:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

One purpose of this rule is to alert the Court to the governing standard applicable to the grant or denial of an ex parte application. Ironhawk's ex parte application does not satisfy this rule because it does not cite any statute or rule authorizing the application. Ironhawk's argument seems to be that an ex parte application is appropriate here because the February 19 deadline is fast approaching.

Ironhawk has not made a sufficient showing that, under the circumstances, it would be reasonable to order Xuezhao, Lightcap and Jay deposed before February 19. First of all, consider the circumstances. Ironhawk filed this application on February 5. The following day the Court entered an order requiring the former employees to file a response within 24 hours of the order and giving Ironhawk 24 hours to file a reply. The Court then held a telephonic hearing the next court day, i.e., today. Even moving at this speed, granting Ironhawk's request would mean ordering the three depositions to take place this week, given the President's Day holiday. If the depositions got scheduled for Wednesday, Thursday and Friday, then deposition preparation for the first witness would have to be tomorrow. Ordering counsel and witnesses into depositions on this short of a schedule requires an emergency.

Ironhawk has not made that showing. At most, it has shown that the former employees might testify that they remember documents about the pitch meeting, those documents might not have been produced, and that testimony might make a motion to compel more persuasive. But right now that is speculative. At the telephonic hearing, Ironhawk said the pitch meeting occurred

2

in 2015. Perhaps the witnesses won't remember much about a meeting they had four years ago with a previous employer. If they do remember documents, that may not answer the question whether those documents are today reasonably accessible. Dropbox has told Ironhawk that it did limit its document searches to information that is reasonably accessible, so Ironhawk does know before the February 19 deadline that this may be an issue it should meet and confer about and potentially file a discovery motion over. And, yes, it is possible that some bombshell may come out of the depositions that would have been really helpful to have by the deadline to move to compel. If that were to happen, the Central District of California has a procedure to hear discovery motions on shortened time, though the standard is demanding. *See* C.D. Cal. Local Rule 37-3 (requiring a showing of "irreparable injury or prejudice not attributable to the lack of diligence of the moving party"). However, the factual record before this Court is simply too speculative to justify ordering these depositions with the immediacy that Ironhawk demands.

Ironhawk's ex parte application is **DENIED**. Both sides' requests for sanctions are also **DENIED**.

**IT IS SO ORDERED.**

Dated: February 11, 2019

THOMAS S. HIXSON
United States Magistrate Judge

3